Stanley *vs.* The State.

---

LOYD STANLEY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Larceny from the house is defined in section 4413 of the Code, and may be committed of valuable goods in any house. If the house be a cotton-house, not within the curtilage of the dwelling. house, the crime is punishable under section 4417 of the Code; or if not, certainly after conviction the act is punishable as simple larceny.

Criminal Law. · Simple Larceny. *Certiorari.* Before

Judge BUCHANAN.    Troup County.    At Chambers.    September 15, 1876.

Reported in the opinion.

TOOLE & SON, by C. W. MABRY, for plaintiff in error.

SAM. W. HARRIS, solicitor general; T. W. LATHAM, for the state.

JACKSON, Judge.

This was an accusation for the offense of larceny from the house. It charged the defendant with stealing cotton to the value of thirty dollars, from the cotton-house of one L. L. Hardy, of the personal goods of said Hardy, and was tried in the county court of Troup county. The defendant was found guilty, and sued out a writ of *certiorari* to the superior court. The *certiorari* was overruled, and defendant excepted.

It appeared from the answer of the judge of the county court, that the cotton-house was, in his judgment, not within the curtilage; that it was in the horse lot, no fence intervening, but not strictly within the curtilage of the dwelling house. The question made by the *certiorari*, is whether, as the defendant was adjudged guilty of larceny from the house, and as the house was not within the curtilage, the conviction by the judge of the county court was good; or, in other words, can larceny from the house be from a house other than one within the curtilage?

Upon an examination of our Code, it will be seen that "larceny from the house is the breaking or entering *any house* with intent to steal, or after the breaking or entering said house, stealing therefrom any money, goods, chattels, wares, merchandise, or any thing or things of value, whatever." Code, §4413. It will be remarked that the crime is stealing from *any* house, and not one word is said about the kind of house, whether within or without the curtilage.

From the definition of the crime, then, it does not matter what sort of house the larceny is from, so it be a house, and something of value be stolen therefrom. Well, this was a cotton-house, and cotton worth thirty dollars was stolen from it; therefore, the offender, according to the definition, committed the crime of larceny from the house.

The following sections of the Code merely prescribe the punishment for larceny from the house, which is made dependent upon the character of the house from which the goods are stolen. Section 4414 prescribes how larceny from the dwelling, or a store, shop, warehouse, or *other building within the curtilage*, shall be punished. Section 4415 prescribes how entering with intent to steal from a dwelling, store, shop, or warehouse, or any other house or building, but prevented from stealing by detection, shall be punished; and nothing is said about the curtilage in this section. Section 4416 relates to breaking into such house with such intent, and punishes therefor, and not a word about curtilage is in this section. Section 4417 prescribes punishment for breaking or entering *any house or building* (other than a dwelling-house or its appurtenances) with intent to steal; or after breaking or entering any such house or building, stealing therefrom any goods, etc., etc. This section, we think, prescribes the punishment for this offense. This party stole cotton from a cotton-house, which was not a dwelling-house, nor appurtenant thereto, or within its curtilage. The next two sections relate to public houses and huts, railroad cars, booths, etc., etc., and the punishment for larceny from them.

It seems, therefore, perfectly plain, that this party was guilty of larceny from the house, as that crime is defined in section 4413 of the Code, and was punished for his crime under section 4417 of the Code. The conviction and punishment are, therefore, clearly legal.

It is true that this court held, in the case of *Inman vs. The State*, 54 *Ga.*, 213, that where the indictment showed the house was not within the curtilage, and it was demurred

to on that ground, before trial, at the proper time, that the demurrer was good and should be sustained. But here there was no demurrer to the accusation, and the objection was not made until after conviction, and the judgment in that case does not necessarily control this. That case seemed, however, to go upon the idea that section 4414 of the Code confined larceny from the house to houses within the curtilage, whereas, really, as it appears to us, that section only prescribes how a person guilty of that species of larceny from the house shall be punished—leaving the crime, larceny from the house, to stand as defined in section 4413 ; and when such crime is committed in a house—not the dwelling nor in the curtilage, but some other house—it is punished under section 4417. The two cases may both stand, however, as that case was on demurrer to the indictment, while this is a point made after conviction ; and it is said in that case, that the conviction would have been sustained on the idea that the party was guilty of simple larceny, if the objection had been made after verdict ; so, here, this conviction can be held good on the same ground.

In the future, there can be no conflict between the reasoning of the two cases, as the legislature, at its last session, has stricken from the Code the words, " within the curtilage "— acts of 1877, page 22.

Judgment affirmed.